MEIRICK v. PUDLIN.

(Supreme Court, Appellate Term, First Department. January 7, 1916.)

HUSBAND AND WIFE ☜232—ACTIONS—EVIDENCE.
        In an action for the purchase price of a photographic outfit, evidence *held* insufficient to warrant a judgment against defendant not showing that she was the purchaser, but disclosing that the purchase was made by her husband.
        [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 844–848, 981; Dec. Dig. ☜232.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Julius M. Meirick against Jessie Pudlin. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Louis B. Williams, of New York City, for appellant.

Simon Rasch, of New York City (David J. Rosen, of New York City, of counsel), for respondent.

FINCH, J. Action for selling price of a photographer's outfit claimed to have been sold by plaintiff to defendant in 1909 for $70, of which sum $20 has been paid on account, and plaintiff has recovered a judgment for $50, from which the defendant appeals.

Plaintiff was the only witness on his side of the case. Plaintiff testified that, in response to a telephone call, he came over and saw the defendant at "their" studio in Grand street, and that the defendant asked him to sell her the usual photographic outfit for a private portrait studio. The defendant said that she could not come over, but would send her husband, Ben, and that Ben did come over and select a complete outfit. The next day the plaintiff went to New York and told the defendant that Ben had picked out the goods, and that he (the plaintiff) would be very glad to give them to her provided she would pay for them at once. She said she could not do that, but would pay within a reasonably short time, to which the plaintiff agreed and delivered the supplies; that the price of $70 was agreed on with the defendant; and that subsequently the defendant gave him two checks on account. The plaintiff did not produce the receipt obtained by him upon the delivery of the goods, nor the book in which the entries were made of the transaction. The defendant took the stand and testified that her husband was in business in 1909, and that she had nothing to do with the business, and while the business was at Grand street she and her husband were keeping house together in 117th street; that she did not know the plaintiff and had never met him until the last year or so; that her husband was out of business in 1910; and that she then went into the photographic business at 1591 and 1545 Broadway, and has a large business there at this time. She was corroborated in her testimony by her husband, who testified he purchased the merchandise and gave his own note for it, and that he had never received the note back. The plaintiff, on the other hand, testified that he returned the note to the defendant, and that the note was not made by the husband. He does not testify, however, that the note was made by the defendant, and his testimony that it was not made by the husband is not convincing.

"Q. And that promissory note was made by B. Pudlin, wasn't it? A. I don't know that. Q. Will you swear that it was not? A. I will swear that it was not. Q. You will swear that Mr. Pudlin did not deliver to you a promissory note signed by him? A. To my best knowledge it was not signed by Mr. Pudlin."

In this connection, it is well to bear in mind the testimony of the plaintiff that immediately follows the above:

"Q. You have made various demands for the payment of this $70? A. Yes, sir. Q. Upon whom have you made these demands? A. Jessie Pudlin. Q. Are you sure of that? A. As near as I can recollect."

The husband testified that he made the two payments of $10 on account, and that these payments were made in cash. As noted above, the plaintiff claims that the payments were made by the checks of the defendant, and yet the checks are not produced. When we come to the documentary evidence introduced on behalf of the defendant, we find a letter from the plaintiff to Mr. B. Pudlin, 1545 Broadway, New York City:

"Dear Sir: I have now waited for over five months expecting that you would keep your promise and send me a check. Unless you send me a check

foi $25 before Thursday of this week I shall have suit brought against you to recover the full amount of the note and interest."

Defendant's Exhibit 2, in plaintiff's handwriting, is as follows:

"Broadway Photo Shop; Photo Postals, Flashlights, Amateur Supplies and Furnishing.

"1545 Broadway; Apr. 4, 1914.

"Mr. B. Pudlin:

"Amount due on original note, $70

"All fees and interest collected.

"Amount accepted in full payment $50.

"Payable $10 to-day, receipt whereof is acknowledged.

"Balance in installments of $10 each.

"[Signed]   Julius Meyrick."

In view of this testimony, the judgment against the defendant is clearly against the weight of evidence and must be reversed.

Judgment reversed, and a new trial ordered, with $30 costs to the appellant to abide the event. All concur.